139 So. 90

# SOVEREIGN CAMP W. O. W. v. ROUNSLEY.
## 6 Div. 864.

Supreme Court of Alabama.

Jan. 14, 1932.

McCollough & McCollough, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellant.

J. C. B. Gwin, of Bessemer, for appellee.

**ANDERSON, C. J.**

This is an action, not upon a benefit certificate, which was never delivered and accepted so as to become a binding contract, but for the negligence on the part of the defendant's agents or servants for a failure to issue or deliver the certificate before the death of Tyler, the applicant.

As we view this case, we may pretermit the question as to whether or not Tyler had to become a member of the order and pay certain charges as a condition precedent to entitle him to said certificate for the reason that, if this point be considered in his favor, there should not have been a recovery in this case.

Count 1 is based upon the fact that the policy was issued in ample time to have been delivered before the death of said Tyler, but the agent, whose duty it was to make the delivery, was guilty of negligence for failing to deliver it before the death of said Tyler.

Count 5 is based upon a negligent delay in passing upon the application as it was the agent's duty to do, "and as a proximate result of said negligence" the certificate was not issued and delivered before the death of said Tyler.

 As count 5 is predicated upon a negligent failure to pass upon the application and which was the proximate cause of the nondelivery before the death of Tyler, we think the defendant was due the general charge as to this count. In the first place, there is nothing to show that the time consumed between the receipt of the application and issuing and mailing the certificate amounted to negligence, as the delay may have been caused by a desire to further investigate and consider the risk, or to a congestion of work in the home office. Second, if it be conceded that the delay amounted to negligence, the said negligence was not the proximate cause of a failure to deliver the certificate before the death of the applicant as charged in said count 5. The undisputed evidence shows that the application was passed on and the certificate was issued and reached the local camp or clerk June the 29th, eleven days before the death of the applicant on the 10th of July. Moreover, it is questionable if this count states a cause of action, as the order did not have to accept the application and issue the policy.

As to count 1, we think and so hold that the preponderance or great weight of the evidence shows that the local clerk, Bowen, made several efforts to deliver the certificate or close the transaction, which was rejected or declined by Tyler. True, Bowen is dead and could not therefore testify; but the testimony of Mrs. Bowen is most positive as to this, and finds corroboration by the surrounding facts and circumstances; and, while the plaintiff's evidence may tend to contradict her to the extent of preventing the general charge under the scintilla rule, it is only negative in character and creates, at best, a weak and inconclusive contradiction of Mrs. Bowen.

The circuit court erred in not giving the general charge for the defendant as to count 5 and in refusing the motion for a new trial, and the judgment is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.